UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN B. BOWLING, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:16-cv-00066-TWP-MJD |
| SUPERINTENDANT Plainfield Correctional Facility, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Steven B. Bowling for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC15-04-0131, in which he was found guilty of possession of a controlled substance. For the reasons explained in this Entry, Bowling's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 7, 2015, Sergeant Z. Williams wrote a Report of Conduct that charged Bowling with violating offense 202-B, Possession of a Controlled Substance. The Conduct Report states:

> On 4-7-2015 at approximately 5:58 PM I, Sergeant Z. Williams, was walking toward the south split just in front of South Dorm when I observed a blue piece of folded up commissary paper fall out of a glove on to the walk. Offender Bowling, Steven #113869 (G1-8L) was holding the glove when I observed the commissary paper fall onto the ground. No other offenders were in the area at the camera time. I immediately secured the piece of paper in my left pocket and advised Offender Bowling to hand me his gloves. I then searched both pair of gloves discovering no further contraband ["Jolly Rancher" is written over "no further contraband"]. I then opened the piece of blue commissary paper and located inside was a grayish white powdery substance. Offender Bowling was questioned about the grayish white substance and said, "Williams I just picked that up off the walk in front of the school." "I didn't even know what it was." Offender Bowling was then advised that he would be receiving a Report of Conduct

Dkt. 1-1, p. 1 (Exhibit A). A picture was taken of the Evidence Record, commissary paper, and drug test result showing the substance tested positive for amphetamines. See dkt. 8-2 at p.1. The test is a NIK® test (see http://www.alternateforce.net/nik-drug-test-kit.html).

On April 8, 2015, Bowling was notified of the charge of Possession or Use of a Controlled Substance when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Bowling was notified of his rights and pleaded not guilty. He requested a lay advocate and listed three offenders he wanted to call as witnesses. The part of the form where Bowling requested physical evidence is hard to read, but it appears he wanted video review and drug test results.

Offender Derek Linville provided a written statement that said "as I was walking back to the dorm from chow I saw Sgt. Williams take a piece of candy out of offender Bowling's gloves".

2

Dkt. 8-4. Offender Zachary Gootee's written statement states, "I was coming back from chow towards Central turned left at the South dorm [unintelligible] Sgt. Williams ask [unintelligible] for his glove, he shook the glove and out and a piece of candy or something fell out." Dkt. 8-5. Offender Derrick Walker's written statement said that he, Walker, was the one who had possession of the controlled substance, Bowling had nothing to do with it, but just dropped it. Dkt. 8-6.

The hearing officer reviewed the requested video and wrote a summary that said the incident did not appear on the video and may have taken place out of the view of the camera. In addition there was not another camera to be reviewed in the area. Dkt. 8-7.

The hearing officer conducted a disciplinary hearing in IYC15-04-0131 on April 29, 2015. Bowling's comment was "Not Guilty – Sgt. Williams is mistaken. I do carry candy in my gloves. I'm a wheelchair pusher, I don't use drugs. There were other offenders present. Another offender stopped me a few days later and said that the 'stuff' was actually his" Dkt. 8-8. The hearing officer found Bowling guilty of class B offense 202, Possession or Use of Controlled Substance "DHO reviewed all evidence, conduct report, video review, NIK test, photos, C.F., offender's statement and his requested witness statements and found Bowling 113869 guilty of a 202B." Dkt. 8-8. "C.F." may have referred to the commissary forms.

The hearing officer recommended and approved the following sanctions: restitution of $5.00 for the NIK test, 90-day deprivation of earned credit time, and a demotion from Credit Class 1 to Credit Class 2, suspended.

Bowling appealed to the Facility Head on May 11, 2015. The Facility Head denied the appeal on May 22, 2015. Bowling appealed to the Final Reviewing Authority, who denied his appeal by letter dated August 13, 2015.

### C. Analysis

Bowling brings a petition for habeas relief on the grounds that 1) it is false that he had grayish powdery substance in his possession; 2) Sgt. Williams admits he found the substance on the ground and Offender Derrick Walker has claimed ownership of the substance; 3) he never had possession of said controlled substance. Taken together, these grounds challenge whether "some evidence" supported the disciplinary conviction.

In other words, Bowling challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). Bowling's assertion that any other standard should be applied is rejected.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report, video review, NIK test, and photos that Bowling was guilty of possession of a controlled substance. Even if Offender Derrick Walker's did drop the paper and controlled substance, the evidence shows that Sergeant Williams saw commissary paper fall out of a glove that Bowling was holding. Offender Walker stated that he was the owner of the controlled substance, but the charge was possession, not ownership, of a controlled substance. Accordingly, "some evidence" supported the conviction for possession of a controlled substance. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . .

. [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bowling to the relief he seeks. Accordingly, Bowling's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/28/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

STEVEN B. BOWLING
113869
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391